UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ocwen Loan Servicing, LLC, | ) | C/A: 2:16-1449-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Zena McPherson, | ) | |
| | ) | |
| Defendant. | ) | |

_____

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Berkeley County. This is an action for foreclosure of a mortgage.

On May 5, 2016, the Defendant Zena McPherson, proceeding pro se, removed the action to this United States District Court. As the removing party, McPherson has the burden of establishing subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Although the basis for the removal is unclear, it appears to be based on the Defendant's contention that, as a United States citizen, she is "property and Franchise of the Federal Government", and therefore the state court lacks subject matter jurisdiction over her. See Notice of Removal (Court Docket No. 1).

Shortly after the removal of this case, Plaintiff Ocwen Loan Servicing LLC filed a motion to remand. The Defendant has submitted two filings in response to Plaintiff's motion to remand, an "Objection" to remand (Court Docket No. 12) and a "Federal Statement" (Court Docket



No. 13). Plaintiff filed a reply to Defendant's objection to remand on May 31, 2016. After careful review of the filings in this case, the undersigned concludes that none of the Defendant's filings sets forth a valid argument for retention of this matter in this Court, and that the Plaintiff's motion to remand should therefore be granted.

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). In addition, "[r]emoval statues must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].

Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Neither of these grounds for jurisdiction exists here. The state court complaint only alleges



claims under South Carolina law. No federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013). To the extent Defendant contends that removal is proper pursuant to Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d 368, 370 (Fla. 2d DCA 1985)[noting that lack of subject matter jurisdiction may properly be raised for the first time at the appellate stage and holding that absent prior approval of a charge for plant facility expansion by the Public Service Commission, the trial court lacked subject matter jurisdiction to grant judgment for regulated utility], that case provides no support for Defendant's argument that the Court of Common Pleas for Berkeley County lacks jurisdiction over this state foreclosure action.[1] Although Defendant argues lack of jurisdiction, she fails to make any plausible argument in support of this assertion. Additionally, to the extent the Defendant is attempting to raise a defense to the foreclosure action based on a federal statute or constitutional amendment, such defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."].

---

[1]Defendant argues that she is removing this case for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). However, the federal rules of civil procedure "govern the procedure in all civil actions and proceedings in the United States district court..." Fed. R. Civ. P. 1. The present action was filed state court. Further, any argument that this Court lacks subject matter jurisdiction pursuant to 12(b)(1) supports the conclusion that this action should be remanded.



Further, to the extent the Defendant is attempting to claim diversity of citizenship as a basis for removal of this case by asserting that, as a United States citizen, she is not a South Carolina citizen, that claim is unavailing. She is a citizen of both, and there is nothing in the filings in this case to indicate that the Defendant is not a South Carolina resident for purposes of this state law mortgage foreclosure action. As such, in the absence of a federal question being presented on the face of the Complaint, she is precluded as a matter of law from removing this case on the basis of diversity of citizenship. See 28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

Finally, there is no evidence that the Defendant even timely file her notice of removal, which itself requires remand. See 28 U.S.C. § 1446(b) [requiring the filing of a notice of removal within thirty days after receipt by the Defendant of a copy of the initial pleading]. Plaintiff asserts that Defendant was personally served with the summons and complaint on or about May 29, 2014 (See Court Docket No. 6-1 at 4),[2] but the Defendant did not file her Notice of Removal until May 5, 2016, well past the 30-day deadline provided in 28 U.S.C. § 1446(b). The failure to file a timely notice constitutes a defect in the removal procedure. Cades v. H & R Block Inc., 43 F.3d 869, 873 (4th Cir. 1994).

---

[2]Defendant has not disputed this assertion. See Mulcahey, 29 F.3d at 151 [Removing party has burden of establishing jurisdiction].



## Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion to remand be **granted,** and that this case be **remanded** back to state court.[3]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 1, 2016
Charleston, South Carolina

---

[3] While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of Defendant's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that the Defendant can contest remand before the District Court Judge, if she so desires.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

